By the Court. Hoffman, J.
—The authority conferred in this will upon the executors, is not an estate in trust, but a power; an authority to do an act in relation to lands. (1 R. S. 732, § 74; Lang v. Ropke, 5 Sand. 362; Reedy. Underhill, 12 Barb. 113; Tucker v. Tucker, 1 Selden, 408.) The power in question, is a general power in trust, (§ 114, [94,] 1 Revised Statutes, 734, article, Powers.) By section 122, [102,] the provisions of the second article of the title from sections 66 to 71, both inclusive, are made applicable to powers in trust, and the grantees of such powers. By section [67,] page 730, “when the purposes for which an express trust shall have been created, shall have ceased, the estate of the trustees 'shall also cease.” So when the purposes of a power are accomplished, the power is at an end.
We are then required to examine the will of the testator with care, to ascertain to what extent and for what purpose he has created and conferred the power; and while *242 on the one side, his general language should not be strictly and rigorously construed so-as to admit of no case for its exercise which is not to a demonstration within those purposes ; on the other, if we find that estates and interests fully vested, are to be affected by its execution, we must be scrupulous in extending it, because it would be, in so far, an encroachment upon that absolute right of disposition which attends proprietorship.
In construing this authority and determining its extent, the intention of the testator in creating it must constitute the guide. Fronty v. Fronty, (1 Bailey’s Eq. Rep. 517 ;) Wilson v. Troup, (2 Cowen, 195.) The devisor has, in the first place, given to his wife a clear life estate, in all the remainder of his property, real and personal, after payment of his debts; “ she to receive the rents, issues and profits, during her natural life, for her own use.” He has then empowered her to make leases during her life, (with the concurrence of his other acting executors,) so that such leases commence in possession, and be for not more than twenty-one years. This bequest to her was to be in lieu of all dower and other claim upon his estate.
The language of the authority is .absolute and comprehensive ; so much so that we are bound to see clearly, that it is to be restricted by force of other clauses, to certain cases, or for certain purposes; otherwise, it undoubtedly would authorize a sale after, as well as before the death of the widow.
It is not enough to restrain it that portions of the will indicate that he contemplated that some of his real estate might remain unsold after her death. He might well expect that the executors might, in exercising a sound discretion, leave portions, if not all, unsold.
The more important clause, is- the one which provides, that “ after the sale, my wife shall have the same interest in the proceeds as she had in the property before the sale.” At the first view, this would tend to the conclusion, that the sale was to be during her life. But it admits of the meaning, that if a sale is made either of all the real estate, *243 or of any portion while she lives, such shall be her interest in the avails. It is not sufficient to overrule the comprehensive language of the power.
There is another clause of great importance. He directs “ that every devise or bequest, shall be considered as vested as personal estate, at his decease, but so as to be subject to any prior life estate executed by this will, and not to bear interest in favor of any party until the time for payment to such party arrives.” This, and other clauses, indicate with sufficient clearness, that he meant and expected that his property should, for the purposes of distribution, be treated as personal estate, and hence tend to construe and define the power .to sell, by which a conversion actually into personalty, would be accomplished, and give it full and absolute effect.
In Meyrick v. Coutts, (Exch. 1806, cited by Sugden on Powers, vol. 1, page 335,) a devise was to A. the testator’s wife, for life'; and after her decease, a power-to trustees to sell, and pay the money among the children of B., who had an infant child then living. The court held that a sale could not be made "till after the widow’s decease. Here the power did not arise until her death.
In Fry v. Fish, (Rolls 5, Áug. 1811, cited also by Mr. Sugden on Powers, vol. 2, p.463,) amotherhad joined in a recovery and settlement, by which the estates were limited to her for life, then to the husband of her daughter for life, with remainders over to children of the marriage. There was inserted a power of sale at any time during the lives of husband and wife, with their consent, and of the survivor. A sale was made in the lifetime of the mother. It was objected that the power could not be executed until her death; but the purchaser was compelled to take.
Here the outstanding life estate did not prevent a sale, because the mother had united in the instrument which conferred the power on the trustees with consent of the husband and wife.
In Moseley v. Hide, (17 Queen’s Bench, 91,) a sale made *244 during the life of a wife, when the power was given, to be exercised after her death, was held invalid.
This also was a case of a plain restriction to a given event, for the exercise of the power.
The judgment must be for the performance of the contract, payment of the purchase money by the defendants, and conveyance by the plaintiffs, according to the submission, without costs to either party.
Ordered accordingly.